UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIVIAN SCHAEFER and DAVID SHAMAH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>ALLIED INTERSTATE, LLC,<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs VIVIAN SCHAEFER and DAVID SHAMAH ("Plaintiffs"), New York residents, bring this class action complaint by and through her attorneys, Varacalli & Hamra, LLP, against Defendant ALLIED INTERSTATE, LLC and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiffs' counsel, except for allegations specifically pertaining to Plaintiffs, which are based upon Plaintiffs' personal knowledge.

## NATURE OF THE ACTION

1. Plaintiffs brings this class action on behalf of a class of consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiffs in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1

3.  Plaintiffs are seeking damages, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

4.  The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.  Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

6.  At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

7.  Plaintiff Vivian Schaefer is an individual and a citizen of the State of New York.

8.  Plaintiff David Shamah is an individual and a citizen of the State of New York.

9.  Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

10. On information and belief, Defendant is a corporation with a principal place of business in New Albany, OH.

11. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

14. Plaintiffs bring claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer

class (the "Class"):

- The class consists of all persons whom Defendant's records reflect were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff Vivian Schaefer on or about January 29, 2018 and Plaintiff David Shamah on or about December 6, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the SYNCHRONY BANK and SAM'S CLUB MASTERCARD ("Creditors"); and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiffs assert that the letter contained violations of the FDCPA.

- The Class period begins one year to the filing of this Action.

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiffs are complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiffs' privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

3

      a.      Whether Defendant violated various provisions of the FDCPA;

      b.      Whether Plaintiffs and the Class have been injured by Defendant's conduct;

      c.      Whether Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.      Whether Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiffs' claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiffs have no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiffs will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to

suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS SPECIFIC TO VIVIAN SCHAEFER

16. Defendant alleges Plaintiff Vivian Schaefer owe a debt ("the debt").

17. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

18. The debt was incurred on a credit card.

19. The debt was incurred on a credit card issued by Creditor.

20. Sometime after the incurrence of the debt Plaintiff Vivian Schaefer allegedly fell behind on payments owed.

21. Thereafter, at an exact time known only to Defendant, the debt was assigned or otherwise transferred to Defendant for collection.

22. In its efforts to collect the debt, Defendant contacted Plaintiff Vivian Schaefer by letter ("the letter") dated January 29, 2018. ("**Exhibit A**.")

23. The letter states:

> "Total Account Balance: $1,288.42
>
> Amount Now Due: $269.00."

24. The letter further states "As of the date of this letter, the Total Account Balance is $1,288.42 and the Amount Now Due is $269.00. Because the creditor continues to assess interest

and late fees on the debt, the amount due on the day you pay may be greater. Hence, if you pay the Total Account Balance shown above, an adjustment may be necessary after we receive your payment, in which even we will inform you of any remaining balance."

25. The letter was the initial communication Plaintiff received from Defendant.

26. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## ALLEGATIONS SPECIFIC TO DAVID SHAMAH

27. Defendant alleges Plaintiff David Shamah owes a debt ("the debt").

28. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The debt was incurred on a credit card.

30. The debt was incurred on a credit card issued by Creditor.

31. Sometime after the incurrence of the debt Plaintiff David Shamah allegedly fell behind on payments owed.

32. Thereafter, at an exact time known only to Defendant, the debt was assigned or otherwise transferred to Defendant for collection.

33. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated December 6, 2017. ("**Exhibit B**.")

34. The letter states:

"Total Account Balance: $7,781.23

Amount Now Due: $978.00."

35. The letter further states "Because the creditor continues to assess interest and late fees on the debt, the amount due on the day you pay may be greater. Hence, if you pay the Total Account Balance shown above, an adjustment may be necessary after we receive your payment,

6

in which even we will inform you of any remaining balance."

36. The letter was the initial communication Plaintiff received from Defendant.

37. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## Count I & II
## Violations of 15 U.S.C. §§ 1692g, 1692e

38. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

39. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

40. One such request is that the debt collector provides "the amount of debt." 15 U.S.C. § 1692g(a)(1).

41. A debt collector has the obligation not just to convey the amount of debt, but also to convey such clearly.

42. A debt collector has the obligation not just to convey the amount of debt, but also to state such explicitly.

43. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

44. When determining whether the amount of debt owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

45. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

47. While §1692e specifically prohibits certain practices, the list is non exhaustive and does not preclude a claim of falsity or deception based on any non-enumerated practice.

48. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

49. A collection letter is deceptive under §1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

50. Both letters state a "Total Account Balance" and an "Amount Now Due." The letters then go on to state "Because the creditor continues to assess interest and late fees on the debt, the amount due on the day you pay may be greater. Hence, if you pay the Total Account Balance shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you of any remaining balance."

51. The letter fails to inform plaintiffs whether the amount listed is the actual amount of the debt due.

52. The letter fails to inform Plaintiffs whether the amount listed already includes interest.

53. The letter fails to inform Plaintiffs whether the amount listed already includes late fees.

54. The letter fails to advise Plaintiffs what portion of the amount listed is principal.

55. The letter fails to inform Plaintiffs whether the amount listed will increase.

56. The letter fails to inform Plaintiffs what late fees might apply.

57. The letter fails to inform Plaintiffs if late fees are applied, when such late fees will be applied.

58. The letter fails to inform Plaintiffs if late fees are applied, what the amount of those late fees will be.

59. The letter fails to inform Plaintiffs if the late fees would be added only to the "Total Account Balance" or if they will also be added to the "Amount Now Due".

60. The letter fails to inform Plaintiffs if there is interest, what the amount of the interest will be.

61. The letter fails to inform Plaintiffs if there is interest, when such interest will be applied.

62. The letter fails to inform Plaintiffs if there is interest, what the interest rate is.

63. The letter fails to inform Plaintiffs if there is interest, the amount of the money the amount listed will increase per day.

64. The letter fails to inform Plaintiffs if there is interest, the amount of the money the amount listed will increase per week.

65. The letter fails to inform Plaintiffs if there is interest, the amount of the money the amount listed will increase per month.

66. The letter fails to inform Plaintiffs if there is interest, the amount of the money the amount listed will increase per any measurable period.

67. The letter fails to inform Plaintiffs if the interest would only be added to the "Total Account Balance" or if they will also be added to the "Amount Now Due".

68. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

69. Because the amount listed may have "interest and late fees," the least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount "Amount Now Due," at any time after receipt of the letter.

70. Because the amount may have "interest and late fees," the least sophisticated consumer could reasonably believe that the amount listed as "Total Account Balance," was accurate

only on the date of the letter.

71. Because the amount listed may have "interest and late fees," the least sophisticated consumer could reasonably believe that the amount listed as "Amount Now Due," was accurate only on the date of the letter.

72. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

73. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest will be.

74. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest will be applied.

75. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.

76. If late fees are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what late fees might apply.

77. If late fees are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such late fees will be applied.

78. If late fees are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of those late fees will be.

79. If late fees are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the late fees.

80. The letter fails to advise Plaintiffs that if Plaintiffs pays the amount listed, Defendant will inform Plaintiffs of the balance difference before depositing payment.

81. This failure is purposeful.

82. Defendant does not advise consumers that if the consumers pay the amount listed, that the Defendant will inform the consumers of the balance difference before depositing payment, in order to induce payments from consumers.

83. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumers of the difference between the amount listed and the true amount due before depositing payment.

84. In order to induce payments from consumers that would not otherwise be made if the consumers knew the true amount due, Defendant does not inform the consumers whether the amount listed will increase.

85. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumers what late fees might apply.

86. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumers when such late fees will be applied.

87. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumers what the amount of those late fees will be.

88. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumers of the amount of the accrued interest.

89. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumers when such interest will be applied.

90. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumers what the interest rate is.

91. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumers the amount of money the amount listed will increase during any measurable period.

92. For all of these reasons, Defendant failed to clearly state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

93. For all of these reasons, Defendant failed to unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

94. For all of these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

95. For all of these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

96. For all of these reasons, Defendant's conduct constitutes a false, deceptive, and misleading representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

97. For all of these reasons, the letter is deceptive from the perspective of the least sophisticated consumer, in violation of 15 U.S.C. § 1692e.

98. For all of these reasons, the letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must be inaccurate, in violation of 15 U.S.C. § 1692e.

99. For all of these reasons, the letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, in violation of 15 U.S.C. § 1692e.

100. For all of these reasons, Defendant's conduct violates 15 U.S.C. §§ 1692g(a)(1) and 1692e.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand judgment against Defendant as follows:

a. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives, and Ibrahim Abohamra, Esq., as Class Counsel;

b. Awarding Plaintiffs and the Class statutory damages;

c. Awarding Plaintiffs and the Class actual damages;

d. Awarding Plaintiffs costs of this Action, including reasonable attorneys' fees and expenses;

e. Awarding pre-judgment interest and post-judgment interest; and

f. Defendant from future collection activity that would lead to violations of the FDCPA, including use of the form letter as portrayed in Exhibit A; and

g. Awarding Plaintiffs and the Class such other relief that the Court determines is just and proper.

Dated: August 14, 2018

Respectfully submitted,

By: /s/ *Ibrahim Abohamra*
Ibrahim Abohamra, Esq.
Varacalli & Hamra, LLP
*Attorneys for Plaintiff*
32 Broadway, Suite 1818
New York, New York 10004 (646) 590-0571

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 14, 2018

                                             Respectfully Submitted,
                          By: /s/ *Ibrahim Abohamra*
                          Ibrahim Abohamra, Esq.